# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 91 CR 0558 | **DATE** | 12/10/2001 |
| **CASE TITLE** | United States of America vs. Peter Barberg | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Before the court is the Government's motion to revoke Defendant's supervised release. For the reasons stated in the attached order, the motion is granted. This matter is continued until December 18, 2001 for sentencing. See attached order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| ✗ | Notified counsel by telephone. | | DEC 1 2 2001 | |
| ✗ | Docketing to mail notices. | | date docketed | |
| | Mail AO 450 form. | | | 140 |
| | Copy to judge/magistrate judge. | | docketing deputy initials | |
| | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | No. 91 CR 0558 |
| vs. | ) | |
| | ) | HONORABLE CHARLES R. NORGLE |
| PETER BARBERG, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

CHARLES R. NORGLE, SR. District Judge

Before the court is the Government's motion to revoke Defendant's supervised release. For the following reasons, the motion is granted, and the matter is continued for sentencing.

## I.  BACKGROUND

This case concerns Defendant, Peter Barberg's, failure to register as a sexual offender in accordance with Illinois law, and its effect on his federally mandated supervised release.

In 1991, Barberg sexually assaulted a woman during a commercial airplane flight, and was charged with two counts of sexual abuse under 18 U.S.C. § 2242. Pre-trial issues arose concerning Barberg's competency to stand trial, and the court ordered his evaluation by mental health professionals. Eventually, the court found Barberg competent for trial. Barberg insisted upon proceeding pro se at trial, which the court permitted. The court appointed stand by counsel to assist Barberg with his defense.

Barberg's case went to a jury trial in July of 1995, and the jury found him guilty of both counts on July 27, 1995. Barberg's sentencing took place on January 17, 1996. The court sentenced Barberg to seventy-eight months for count I, and thirty-six months for count II, to be served

concurrently. The court also sentenced Barberg to concurrent terms of supervised release of three years for count I, and one year for count II.

Barberg's term of supervised release began on December 12, 1997. On March 13, 1998, Barberg was arrested by the Chicago Police Department for failure to register as a sex offender under the Illinois Sex Offender Registration Act, 730 ILCS § 150/1 et seq. (West 1998) ("SORA")

Barberg's state prosecution on the failure to register case was not completed. The state court found Barberg unfit for trial, and remanded him to a mental health institution. Barberg was placed in the Elgin Illinois Mental Health Center, and he stayed there from September 25, 1998 until October 2, 2001, at which time he was released into federal custody. Barberg has been incarcerated at the Metropolitan Correctional Center since October 2nd.

The Government is moving to revoke Barberg's supervised release on the grounds that his failure to register as a sex offender pursuant to Illinois law violates his supervised release order. Barberg initially indicated a desire to proceed pro se in this matter, and filed pleadings on his own behalf. The court appointed stand by counsel to assist Barberg. Barberg later agreed to be fully represented by that attorney. The court has heard oral argument from both parties, and ordered briefing of the issues raised during oral argument. The matter is now fully briefed and ripe for ruling.

## II. DISCUSSION

The Government argues that Barberg, as a convicted sex offender, had a duty under Illinois law to register as a sex offender. Barberg insists that he was not required to register under the statute in effect in 1998. Barberg contests both his status as a sex offender, and the application of SORA to him. As discussed below, Barberg's arguments on both points are without merit.

## A. History of SORA:

A short discussion of SORA's history places much of the parties' dispute in context. In 1986, the Illinois legislature enacted the state's first sex offender registration law, which was known as the Habitual Child Sex Offender Registration Act. See People v. Logan, 705 N.E.2d 152, 154-55 (Ill. App. Ct. 1998) (discussing the history of SORA); People v. Guillen, 717 N.E.2d 563, 564 (Ill. App. Ct. 1999) (same). Since then, the sex offender registration laws have been amended several times. See Logan, 705 N.E.2d at 154-55. Effective January 1, 1993, the Habitual Child Sex Offender Registration Act was amended and re-titled as the Illinois Child Sex Offender Registration Act ("Child SORA"). See id. at 155. Child SORA limited registration to persons that were convicted of sexual crimes against minors, and those persons who had been adjudicated as sexually dangerous or sexual predators. See id.

As of January 1, 1996, Child SORA was amended to require registration of a larger class of sex offenders, and the act became known by its present name, SORA. See Guillen, 717 N.E.2d at 564; Logan, 705 N.E.2d at 155-56. As relevant to this case, the larger class of sex offenders included persons convicted of sex offenses against victims over the age of eighteen. 730 ILCS § 150/3(B) (West 1998). Also relevant to this case is the fact that the January 1, 1996 amendments were retroactive, and required sex offenders convicted of their crimes prior to January 1, 1996 to register. See e.g. People v. Malchow, 739 N.E.2d 433, 437-41 (Ill. 2000) (rejecting a constitutional challenge to SORA based in part on the constitutional prohibition on ex post facto laws); Guillen, 717 N.E.2d at 565-66 (same); Logan, 705 N.E.2d at 157-60 (same).

Much of Barberg's argument focuses on the fact that his victim was over eighteen, and the effective dates of SORA registration requirements for persons convicted of sex crimes against

persons over eighteen. The court's analysis necessarily focuses on SORA as it existed in 1998, as that is when Barberg was arrested and charged with failure to register. See Guillen, 717 N.E.2d at 565 (holding that the court is to analyze the statute in effect at the time the duty to register arises). Barberg's arguments, however, are not tenable under the 1998 version of SORA. It is to those points that the court now turns.

## B. Sex Offender:

Barberg quotes a snippet of SORA, which is found in § 150/2(B)(1.5), despite his incorrect citation to another subsection. Barberg asserts that he is not a sex offender because the list of sexual offenses in § 150/2(B)(1.5) that define a sex offender is limited to crimes against minors, and his victim was over eighteen. Barberg's argument is incorrect.

According to the plain language of the statute, "sex offender" is defined as any person "charged pursuant to Illinois law, or any substantially similar federal . . . law, with a sex offense set forth in section (B) of this Section. . . ." 730 ILCS § 150/2(A)(1) (West 1998). Subsection 150/2(B)(1) includes criminal sexual assault and criminal sexual abuse, which are substantially similar to Barberg's federal criminal charges. 730 ILCS § 150/2(B)(1) (West 1998). The section to which Barberg cites is limited to crimes against minors, but that does not exclude him from the definition of sex offender, as he fits within the accompanying definition for persons convicted of sex crimes against adults. See 730 ILCS §§ 150/2(B)(1) & (B)(1.5) (West 1998). The definition of sex offender that applies to Barberg is § 150/2(B)(1), which encompasses his convictions for sexual abuse, notwithstanding that his victim was over eighteen. 730 ILCS §§150/2(A)(1) & (B)(1) (West 1998). Thus, Barberg is a sex offender under the 1998 statute. The question now becomes whether he was required to register as a sex offender.

4

## C. Duty to Register:

Barberg argues that the relevant date to determine his duty to register is the date the jury rendered its verdict against him, July 27, 1995. According to Barberg, the Child SORA in effect in July of 1995 did not require him to register as a sex offender because his victim was not a minor. Barberg maintains that the SORA amendments that require registration of persons convicted of sex crimes against adults did not become effective until January 1, 1996, several months after the jury verdict. The Government counters that Barberg is misreading the Illinois statute, and that the date of the jury verdict does not affect his duty to register. The court agrees with the Government.

Section 150/3 outlines the duty to register as a sex offender, and states in relevant part:

> (c) The registration for any person required to register under this Article shall be as follows:
>
> . . .
> (2) except as provided in subsection (c)(4), any person convicted or adjudicated prior to January 1, 1996, whose liability for registration under Section 7 [730 ILCS 150/7] has not expired, shall register in person prior to January 31, 1996;
> (3) expect as provided in subsection (c)(4), any person convicted on or after January 1, 1996, shall register in person within 10 days after the entry of the sentencing order based upon his or her conviction;
> (4) any person unable to comply with the registration requirement of this Article because they are confined, institutionalized, or imprisoned in Illinois on or after January 1, 1996, shall register in person within 10 days of discharge, parole, or release. . . .

730 ILCS § 150/3(c) (West 1998). Barberg focuses on § 150/3(c)(3), and asserts that he is not required to register because the jury rendered its verdict prior to January 1, 1996. The Government, on the other hand, points to § 150/3(c)(2), and argues that the date of the jury verdict is irrelevant.

Section 150/(c)(2) references the expiration of a sex offender's liability to register under § 150/7. Section 150/7, in turn, requires sexually dangerous persons to register for life, and other

5

sexual offenders to register for a period of ten years from the date of their conviction if they are not confined, or if they are confined, for a period of ten years after their release from confinement. 730 ILCS § 150/7 (West 1998). Reading §§ 150/3(c)(2) and 150/(7) together, it is clear that the legislative intent was to require persons convicted of sex crimes prior to January 1, 1996 to register as sex offenders, provided that their liability to register under § 150/7 had not expired as of January 1, 1996. See Malchow, 739 N.E.2d at 437; Guillen, 717 N.E.2d at 564; Logan, 705 N.E.2d at 155-56; see also Connecticut Nat'l Bank v. Germain, 503 U.S. 249, 253-54 (1992) (noting that the court "must presume that a legislature says in a statute what it means and means in a statute what it says there."). Barberg's liability to register as a sex offender had not expired as of January 1, 1996. Indeed, his liability to register had not yet even begun as of that date because he was still confined pursuant to this court's sentence. Under the plain language of §§ 150/3(c)(2), (c)(4) and 150/(7), Barberg's duty to register would begin ten days after he was released from confinement, which did not occur until December of 1997.

Again, one of the intents of the Illinois legislature in enacting SORA was to enlarge the class of persons required to register as sex offenders. See e.g. Malchow, 739 N.E.2d at 437; Guillen, 717 N.E.2d at 564; Logan, 705 N.E.2d at 155-56. To that end, SORA has retroactive effect, so that a sex offender is now required to register, even if that offender was not required to register at the time of conviction. See Malchow, 739 N.E.2d at 437. Barberg fits squarely within this class of persons. Even though the jury rendered its verdict against him prior to January 1, 1996, his liability to register had not expired as of that date. In short, Illinois law required Barberg to register as a sex offender. His failure to do so was a violation of the conditions of supervised release imposed by this court.

## III. CONCLUSION

For the foregoing reasons, the court finds that Barberg has violated the conditions of his supervised release. This matter is continued until December 18, 2001 for sentencing.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, SR. Judge
United States District Court

DATED: 12-10-01